ON REHEARING
SCHOTT, Judge.
We granted a rehearing in order to reconsider our position that the trial judge prop *1149 erly maintained an exception of no right of action based on the fact that the president of plaintiff Corporation was not authorized to file suit in behalf of the corporation.
Although defendants’ exception was styled no right of action, a peremptory exception under C.C.P.Art. 927, we have concluded that the exception is more properly classified as a dilatory exception under Art. 926. The exception of no right of action is defined as one in which there is no interest in the plaintiff to institute the suit, Art. 927(5). Surely Eastlake had an interest in instituting this suit against Lanark and obtaining a conservatory writ of nonresident attachment pursuant to C.C.P.Art. 3541(5) with respect to the draft payable by defendant Iberia Trading Co., Inc. to La-nark, Inc. Under Art. 923 the function of the dilatory exception is to retard the progress of the action but it does not tend to defeat the action. On the other hand, the peremptory exception’s function is to have plaintiff’s action declared legally nonexistent, or barred by effect of law.
Defendants’ exception simply questions the authority of the president of a corporation to bring suit. If that question is not answered satisfactorily the progress of the suit is retarded by a judgment sustaining the dilatory exception. However, when the grounds of the objection may be removed by amendment of the petition or other action by plaintiff, the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the court. The suit may be dismissed only for a noncompliance with this order, Art. 933.
In our original opinion, we held that the judgment of the trial court was correct starting from two alternative assumptions. If plaintiff is a foreign corporation doing business in Louisiana without having qualified, LSA-R.S. 12:314 prevents it from filing suit in Louisiana. If on the other hand plaintiff was not doing business in Louisiana the provisions of R.S. 12:82(G) would have no application and defendants’ exception of want of authority as to the president of the corporation bringing the suit would lie.
In briefs filed in this court on rehearing, plaintiff has alleged that it is now authorized by the Secretary of State to do business in Louisiana. It also alleged that its application for authority was pending at the time of the hearing on this exception. If that is so the defect in plaintiff’s status was being and could have been removed had plaintiff been given time by the trial judge in which to do so. We would therefore affirm the judgment of the trial court sustaining the exception as a dilatory exception of want of authority and allow plaintiff time in which to amend its petition to allege that it is now authorized to do business in the State of Louisiana.
Once plaintiff can prove itself as doing business in Louisiana, the provisions of R.S. 12:82(G) apply. This section is an unequivocal declaration that no exception of want of authority shall lie on the part of a defendent when the president of a foreign corporation doing business in the state authorizes the institution of a suit.
We are not unmindful of the trial court’s impression that plaintiff’s president was abusing the judicial system of the state in order to gain some personal advantage over Lanark and its principals. However, the assertions made by Lanark of wrong doing on the part of plaintiff are countered with equally strong assertions by plaintiff as to wrong doing on the part of Lanark and its principals. Furthermore, Lanark’s assertions do not compel the conclusion that Eastlake, as a matter of law, is not entitled to avail itself of the provisions relative to the writ of non-resident attachment simply because of the relationship of Hines to both Eastlake and Iberia. ■
If the seizure of the draft is maintained the parties may produce all of their conflicting evidence to show bad faith and misconduct on the part of each other, the trial court will have an opportunity to evaluate the evidence and can arrive at a conclusion awarding the funds to the proper party. This is preferable since matters will remain in status quo until the controversy is fully tried and decided. While Lanark, if it pre *1150 vails in the litigation, may be caused some temporary inconvenience while the check remains under seizure, such inconvenience should not be irreparable.
Accordingly, the judgment of the trial court sustaining the exception of Lanark, Inc. is affirmed but only to the extent that the exception is considered a dilatory exception of want of authority on the part of plaintiff’s president to bring the suit. The judgment of the trial court dismissing plaintiff’s suit is reversed and the case is remanded to the trial court to enable plaintiff to file amended pleadings in order to allege that it is authorized by the Secretary of State to do business in Louisiana and for further proceedings consistent with this opinion. All costs of this appeal are taxed against Lanark, Inc. with the balance of costs to await the outcome of this case.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
REDMANN, J., concurs in the reversal and remand.